NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12209


COMMONWEALTH vs. WALTER SHELLEY.



Middlesex.      February 7, 2017. - August 24, 2017.

Present: Gants, C.J., Lenk, Hines, Gaziano, Lowy, Budd, &
Cypher, JJ.[1]



Homicide. Practice, Criminal, Capital case, Instructions to
    jury, Lesser included offense. Limitations, Statute of.




Indictments found and returned in the Superior Court
Department on May 26, 2011.

    The cases were tried before Janet Kenton-Walker, J.

    The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


    Robert L. Sheketoff for the defendant.
    Laura Kirshenbaum, Assistant District Attorney, for the
Commonwealth.


    LOWY, J. We now address whether a defendant charged with

murder is entitled to an instruction on the lesser included

offense of manslaughter, even when the statute of limitations

_____

    [1] Justice Hines participated in the deliberation on this
case prior to her retirement.

for manslaughter has lapsed. We conclude that, under Massachusetts law, a defendant is not entitled to a lesser included offense instruction when the defendant cannot be convicted of the offense due to the statute of limitations. A defendant may, however, elect to waive the statute of limitations and invoke his or her right to the lesser included offense instruction. The trial judge correctly presented this choice to the defendant, who declined to waive the statute of limitations. We affirm the defendant's convictions.

Background. On September 13, 2013, a Middlesex County jury found Walter Shelley, the defendant, guilty of murder in the first degree, as a participant in a joint venture.[2] On the defendant's motion, the trial judge reduced the murder conviction to murder in the second degree pursuant to Mass. R. Crim. P. 25 (b) (2), 379 Mass. 886 (1979). The charges stemmed from his involvement, along with two friends, in the 1969 death of fifteen year old John McCabe, the victim.

An indictment for murder was not returned against the defendant until after the investigation into the crime recommenced around 2007. Subsequently, the defendant and his

---

[2] The defendant was also convicted of misleading a police officer, in violation of G. L. c. 268, § 13B.

friends were all charged with murder.[3]  Although there is no statute of limitations for murder, there is a six-year statute of limitations for manslaughter.  G. L. c. 277, § 63.  There is no dispute that the defendant would have been entitled to a manslaughter instruction had the limitations period not run. Accordingly, we only briefly summarize the facts.

In 1969, the then seventeen year old defendant was upset with the victim for flirting with the defendant's girl friend. The defendant, along with his two friends, drove to confront the victim.  One friend forced the victim into the vehicle.  The victim asked to be let out.  The defendant instead drove to a large vacant area off of a dirt road in Lowell.

On arriving, they pulled the victim out of the vehicle and a brief altercation ensued.  With the victim lying face down on the ground, one friend tied the victim's ankles and wrists with rope.  The friend tied another piece of rope around the victim's neck, which he then tied to the rope binding the victim's ankles.  The victim's eyes and mouth were taped shut.  The defendant and his friends drove away, leaving the victim behind. The trio returned approximately forty-five minutes later to discover that the victim was not breathing.  The defendant and

---

[3] One of the friends was tried separately and acquitted, and the other reached a cooperation agreement with the Commonwealth and testified.

his friends again drove away.  Police discovered the victim's body the next day.

Discussion.  During his trial, the defendant requested that the judge instruct the jury on the lesser included offense of involuntary manslaughter.  Generally, a defendant is entitled to an instruction on a lesser included offense of the charged crime, when the facts could support the lesser offense.  See Beck v. Alabama, 447 U.S. 625, 638 (1980); Commonwealth v. Woodward, 427 Mass. 659, 662-663 (1998).  Allowing a jury to convict a defendant of a lesser included offense gives the jury a third option, beyond acquittal or conviction, that "ensures that the jury will accord the defendant the full benefit of the reasonable-doubt standard."  Beck, supra at 633-634, citing Keeble v. United States, 412 U.S. 205, 208 (1973).  This rule mitigates concern that a jury would return a guilty verdict for the greater crime, even if they believe the prosecution has not proved each element, because the jury believe that the defendant's conduct warrants some form of punishment.  In some cases, the prosecution may request the lesser included offense instruction to increase its likelihood of obtaining some conviction for a defendant's criminal conduct.  See Woodward, supra.

The defendant's request for a lesser included offense instruction in this case, however, presents a complication that

this court has not addressed: how should a trial judge treat a request for a lesser included offense instruction when a conviction of that lesser included offense is barred by the applicable statute of limitations?

The trial judge applied a rule articulated in Spaziano v. Florida, 468 U.S. 447 (1984), overruled on other grounds by Hurst v. Florida, 136 S. Ct. 616, 623-624 (2016). The United States Supreme Court in Spaziano allowed a defendant to obtain an instruction on a lesser included offense that is time barred only if the defendant waives the statute of limitations defense. Spaziano, supra at 455-456. The judge declined to adopt two ostensibly more protective rules from other jurisdictions, as proposed by the defendant. The defendant declined to waive his statute of limitations defense, and the judge did not instruct the jury on manslaughter.

On appeal, the defendant argues that we should adopt one of the more protective alternative rules as a matter of State constitutional law, and the Commonwealth argues that we should apply the Spaziano rule. We decline to adopt the alternative rules suggested by the defendant. We conclude that due process in Massachusetts does not require more than the Federal rule articulated in Spaziano.

1. The three rules. In the Federal and State courts, three distinct rules have developed. First, as a matter of

Federal due process, as articulated in Spaziano, a defendant's entitlement to the lesser included offense instruction is contingent on his or her waiver of the statute of limitations defense. Spaziano, 468 U.S. at 455-456. A majority of States that have considered the issue have adopted the rule from Spaziano. See People v. Burns, 250 Mich. App. 436, 442-443 (2002), and cases cited. Second, in State v. Short, 131 N.J. 47, 62-63 (1993), the New Jersey Supreme Court held that the defendant is entitled to the lesser included offense instruction, without telling the jury that finding the defendant guilty of that offense would result in acquittal. See State v. Muentner, 138 Wis. 2d 374, 391-393 (1987) (same). Finally, in State v. Delisle, 162 Vt. 293, 305 (1994), the Vermont Supreme Court adopted a rule that upholds the defendant's entitlement to the lesser included offense instruction, but also requires instructing the jury that finding the defendant guilty of the time-barred offense would result in acquittal. We first set out the Spaziano rule. Then, we address the two rules suggested by the defendant, and we explain why we decline to adopt each.

a. The Spaziano rule. In Spaziano, 468 U.S. at 455-456, the United States Supreme Court concluded that a defendant's entitlement to a lesser included offense instruction, pursuant to Beck, did not extend to circumstances in which the statute of limitations for that lesser offense had lapsed. The Court

reached this conclusion because Beck did not espouse a rule that "a lesser included offense instruction in the abstract" is required for a trial to be fair. Spaziano, supra at 455. Rather, entitlement to an instruction based on Beck exists only where "the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit [that defendant] of the greater." Beck, 447 U.S. at 635, quoting Keeble, 412 U.S. at 208. Thus, the purpose of the rule in Beck is to enhance the rationality of the jury's decision. Spaziano, supra. But, "[w]here no lesser included offense exists, a lesser included offense instruction detracts from, rather than enhances, the rationality of the process." Id.

For reasons discussed infra, among the three rules adopted by various jurisdictions, the Spaziano rule strikes the best balance between protecting the "rationality of the process" and a defendant's due process rights. When a defendant charged with murder cannot be convicted of manslaughter because of the statute of limitations, a jury cannot "rationally . . . find [the defendant] guilty of the lesser offense." See Beck, 447 U.S. at 635, quoting Keeble, 412 U.S. at 208. In such circumstances, the rationale from Beck does not apply. See Spaziano, 468 U.S. at 455-456. Similarly, due process as a matter of State constitutional law does not require a judge to deceive the jury by instructing them on a lesser included

offense for which the defendant cannot be found guilty.  See

Delisle, 162 Vt. at 304 ("allowing a jury to find a defendant

guilty of a crime for which the defendant cannot be punished,

even if the jury [have] no say in what the punishment will be,

makes a mockery of the trial").  If, however, the defendant

elects to waive the statute of limitations as a defense, then

the defendant may be convicted of the lesser offense and, as

such, he or she would be entitled to the lesser included offense

instruction.[4]  See Spaziano, supra at 455-456; Woodward, 427

Mass. at 662-663.

   b.  The Short rule.  In New Jersey, a trial judge must give

the jury an instruction on a time-barred, lesser included

offense.  Short, 131 N.J. at 62-63.  However, the trial judge

may not inform the jury that a conviction of that offense would

be dismissed, due to the statute of limitations.  Id.  The New

Jersey Supreme Court concluded that this rule does not

objectionably deceive the jury because jurors are precluded from

"consider[ing] factors that may improperly [skew] their

determinations of criminal guilt or innocence."  Id. at 60.  The

---

[4] Contrary to the dissent's concerns, that Spaziano, 468 U.S. at 449, and Beck, 447 U.S. at 637-638, were death penalty cases only strengthens the basis for our resolution of this case.  If due process in death penalty cases does not require allowing a defendant to obtain the benefit of both his or her right to a lesser included offense instruction and the statute of limitations defense, due process does not require that result in nondeath penalty cases.

court reasoned that the jury's job is "to express an ultimate judgment of culpability" (quotation omitted).  Id.  Although this rule is maximally protective of the defendant's rights, allowing the jury to believe incorrectly that they are rendering a valid conviction directly undermines the jury's role in expressing a judgment of the defendant's culpability.  See Spaziano, 468 U.S. at 456 ("Beck does not require that the jury be tricked into believing that [they have] a choice of crimes for which to find the defendant guilty, if in reality there is no choice").

Additionally, this deception may have the deleterious effect of undermining jurors' faith in the court system.  See Spaziano, 468 U.S. at 456; Delisle, 162 Vt. at 302-303.  Although, as the defendant points out, in certain contexts we keep evidence from the jury, this does not deceive the jury into falsely believing that they have convicted a defendant of a crime.  Evidence is kept from a jury due to a constitutional principle; to further some compelling point of public policy; or, in many circumstances, because of concerns regarding the evidence's reliability.  See, e.g., Crawford v. Washington, 541 U.S. 36, 68-69 (2004) (testimony that violated defendant's right to confront witnesses should have been excluded); Martel v. Massachusetts Bay Transp. Auth., 403 Mass. 1, 4 (1988) (subsequent remedial measures excluded for "public policy

unrelated to the fact-finding process, that 'a contrary rule would discourage owners from making repairs to dangerous property'" [citation omitted]); Commonwealth v. Helfant, 398 Mass. 214, 224 (1986) (propensity evidence excluded because it can be "highly prejudicial"). Ensuring the fairness of a defendant's trial does not require deceiving the jury.[5] See Spaziano, supra; Delisle, supra.

c. The Delisle rule. Vermont has adopted a rule similar to the Short rule, but different in one critical respect. Like in Short, a defendant is entitled to the lesser included offense instruction without waiving his or her statute of limitations defense. Delisle, 162 Vt. at 304-305. If the defendant asserts the statute of limitations defense, however, the defendant may "obtain[] an instruction informing the jurors that, because the passage of time precludes prosecution for the lesser offense, they must acquit the defendant if they conclude that the evidence would support a conviction of the lesser crime only." Id. at 305.

_____

[5] Nor do we interpret G. L. c. 278, § 12, to require allowing the defendant to benefit from both the lesser included offense instruction and the statute of limitations instruction. See post at    . In the event a defendant is acquitted of part of the indictment, § 12 merely permits a defendant to be "adjudged guilty" of a crime, "if any," that is "substantially charged" by the "residue" of the indictment. If a lesser included offense is time barred, the defendant cannot be adjudged guilty of that crime, and, as we conclude supra, a defendant's entitlement to a lesser included offense instruction extends only to those of which he or she can be convicted.

Although this rule is intended to afford greater protection of the defendant's rights than did Spaziano, it does not. Rather, the jury face the same all-or-nothing proposition that exists in the absence of the lesser included offense instruction, except now the jury have been instructed that such conduct constitutes a crime for which the defendant will not be punished. In these circumstances, the jury no longer simply believe that the defendant may be "guilty of some offense" (emphasis in original). Beck, 447 U.S. at 634, quoting Keeble, 412 U.S. at 212-213. Instead, the jury have determined that the defendant is guilty of criminal conduct, and they know that if they return a guilty verdict for that conduct, the defendant will escape punishment due solely to the statute of limitations. We agree with the New Jersey Supreme Court that "telling the jury that [a] defendant would go free if convicted of manslaughter . . . all but invite[s] the jury to disregard the manslaughter instruction." Short, 131 N.J. at 58.[6]

Conclusion. The trial judge correctly applied Spaziano and allowed the defendant to choose between asserting the statute of limitations defense or his right to a manslaughter instruction.

Judgments affirmed.

---

[6] In cases in which the statute of limitations is contested, its applicability should be posed to the jury as a special question, prior to the remainder of the jury charge.

BUDD, J. (dissenting, with whom Lenk and Hines, JJ., join). Hewing closely to the ruling in Spaziano v. Florida, 468 U.S. 447 (1984), the court concludes that where a defendant seeks an instruction on a time-barred lesser included offense, the defendant must first waive the statute of limitations. Because I believe that under Massachusetts law a defendant cannot be forced to choose between having a jury consider an applicable lesser included offense and asserting a viable defense, I respectfully dissent.

1. Statutory protections. This case concerns the intersection of two important statutory protections afforded to criminal defendants: the statute of limitations and the right to have a jury consider lesser included offenses.

a. Statute of limitations. A defendant's right to present a defense against the government's accusations is rooted in the Sixth Amendment to the United States Constitution, art. 12 of the Massachusetts Declaration of Rights, and G. L. c. 263, § 5. The right entitles a defendant to introduce evidence in his or her own defense and to advance alternative theories of the case based on all the evidence presented. Where such theories and evidence permit an inference that rises to the level of an affirmative defense, the burden shifts to the Commonwealth to disprove the affirmative defense beyond a reasonable doubt. See Commonwealth v. Shanley, 455 Mass. 752, 780-781 & n.37 (2010).

The statute of limitations is such an affirmative defense.  See id. at 780.

In Massachusetts, the Legislature has set time limits on the prosecution of all criminal offenses except murder and certain types of sexual assault; the time limit for manslaughter is six years.  See G. L. c. 277, § 63.  Statutes of limitations in criminal cases are common generally.  See, e.g., 18 U.S.C. §§ 3281, 3282; Colo. Rev. Stat. § 16-5-401; Kan. Stat. Ann. § 21-5107; Ohio Rev. Code Ann. § 29-2901.13.  Statutes of limitations represent a policy choice by legislatures to let some individuals who commit crimes go unpunished where the government fails to prosecute within a specified period of time.  See Model Penal Code § 1.06 comment, at 86 (Official Draft and Revised Comments 1985).  In enacting a statute of limitations, a legislature recognizes that the deterioration of evidence over time, the value of finality to a community, and the possibility that a criminal may redeem himself or herself mean that, at some point, punishment of the wrongdoer is no longer desirable.  See id.

Although we have held that a defendant may be deemed to have waived the statute of limitations by failing to raise it at or before trial, see Commonwealth v. Dixon, 458 Mass. 446, 455-456 & n.21 (2010), we nevertheless have looked carefully at the implications of such a waiver.  See, e.g., Commonwealth v.

Barrett, 418 Mass. 788, 792-793 (1994) (dismissing some indictments and vacating others because defendant's waiver of statute of limitations defense was due to ineffective assistance of counsel). In any event, an inadvertent waiver, or a voluntary waiver of the statute of limitations as a part of a plea agreement, is quite different from requiring waiver of the defense in order to secure an instruction on a lesser included offense, as the latter infringes on the defendant's vested right no longer to be punished for a particular offense.

b. Lesser included offenses. In Massachusetts, the power of a jury to find that a defendant has committed a lesser included offense is expressly provided for by statute:

> "If a person indicted for a felony is acquitted by the verdict of part of the crime charged, and is convicted of the residue, such verdict may be received and recorded by the court, and thereupon the defendant shall be adjudged guilty of the crime, if any, which appears to the court to be substantially charged by the residue of the indictment, and shall be sentenced and punished accordingly."

G. L. c. 278, § 12. This statute gives juries the opportunity to determine, as precisely as possible, what the prosecution has, and has not, proved beyond a reasonable doubt.[1] Further, by

---

[1] In Massachusetts, the concept of a lesser included offense is framed in terms of a power (and duty) of a jury as an aspect of a fair trial. It stems from the English common law, was codified by the Massachusetts Legislature shortly following the enactment of the Constitution of 1780, and has changed very

distinguishing between a conviction by the jury and an

adjudication by the judge, the statute provides that the jury's

factual findings set the basis for the judge to figure out the

appropriate judgment and sentence for the defendant.  In fact,

the words "if any" foresee that there may be some convictions

found by a jury that do not result in entry of a judgment of

guilt -- such as, for example, where the statute of limitations

provides that, although manslaughter is a crime, it is no longer

punishable by law.[2]  Cf. State v. Muentner, 138 Wis. 2d 374, 384

little since.  See St. 1784, c. 66, § 11; Commonwealth v.
Gosselin, 365 Mass. 116, 118-119 (1974).

Because Massachusetts treats lesser included offenses as an
inherent part of a jury's consideration of guilt, rather than
purely as a procedural request that parties may make at trial,
the ability of a jury to consider lesser included offenses is a
much more fundamental aspect of a jury trial under our
Constitution.  See Opinion of the Justices, 126 Mass. 557, 594-
595 (1878) (practical exposition of Constitution by
administrative and legislative branches, "especially if nearly
contemporaneous with the establishment of the Constitution, and
followed and acquiesced in for a long period of years
afterwards, is never to be lightly disregarded, and is often
conclusive").  Accord Cohens v. Virginia, 19 U.S. (6 Wheat.)
264, 420 (1821) (using Judiciary Act of 1789 as contemporaneous
exposition of Constitution and thus as tool of constitutional
construction).

[2] The court states:  "If a lesser included offense is time
barred, the defendant cannot be adjudged guilty of that crime,
and, as we conclude supra, a defendant's entitlement to a lesser
included offense instruction extends only to those of which he
or she can be convicted."  Ante at note 5.  This holding,
however, renders meaningless the provision in § 12 that provides
that a jury's verdict on the "residue" (a lesser included
offense) may not be translated into a judgment of guilt.  In
addition, taken literally, this holding would preclude

(1987) ("although the jury may return a verdict convicting the defendant of the misdemeanor offenses, when submitted, the court is precluded from entering a judgment of conviction" due to statute of limitations).

As the court notes, our jurisprudence holds that either the Commonwealth or the defendant may request a lesser included offense instruction where "the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit [that defendant] of the greater." Ante at    , quoting Beck v. Alabama, 447 U.S. 625, 635 (1980).  Accord Commonwealth v. Woodward, 427 Mass. 659, 662-664 (1998).  In determining whether a jury could rationally find a defendant guilty of a lesser included offense, our courts have historically considered only whether there was sufficient evidence for a jury to find every element of the lesser included offense; we have ignored objections based on the credibility of the evidence or on any other ground.[3]  See Commonwealth v.

_____

postverdict rulings by the judge, including those on renewed motions for a required finding of not guilty.

   [3] The court changes this traditional approach by creating an exception for cases where the statute of limitations has run on the lesser included offense.  The court then concludes that, where the statute of limitations is in dispute, the defendant is not entitled to have the jury simultaneously instructed on both defenses; instead, a special question regarding the statute of must be given to the jury prior to the bulk of the instructions.  See ante at note 6.  This is not the rule in the Commonwealth, as instructions on affirmative defenses are usually given

Spinucci, 472 Mass. 872, 876-877 (2015); Woodward, supra at 663-664; Commonwealth v. Roby, 12 Pick. 496, 506-508 (1832). Although it can be a distinct advantage to the prosecution,[4] the instruction is also an important protection for the defendant, as "it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal." Beck, supra at 633. See Woodward, supra at 662 n.6, 664-665.

2. Application of the statutes. Together, the limitations statute, G. L. c. 277, § 63, and the lesser included offense statute, G. L. c. 278, § 12, require that a jury be instructed on any applicable lesser included offenses if a defendant so requests, and that the defendant be able to assert a statute of limitations defense if applicable.

---

alongside the rest of the jury instructions. See, e.g., Commonwealth v. White, 475 Mass. 724, 732-734 (2016) (statute of limitations instruction was given toward end of full jury charge); Model Jury Instructions on Homicide 18 (2013) (instruction on affirmative defense of self-defense "may be given . . . prior to the murder instruction or inserted within the murder instruction"). See also Commonwealth v. Shanley, 455 Mass. 752, 780-781 (2010) ("We have repeatedly referred to the statute of limitations defense as an affirmative defense . . ."). The court fails to explain this change in our jurisprudence, or why the statute of limitations should differ from any other disputed affirmative defense.

[4] "If the [Commonwealth fails] to produce sufficient evidence to prove the crime charged, it might still persuade the jury that the defendant was guilty of something." Spaziano v. Florida, 468 U.S. 447, 456 (1984), citing Beck v. Alabama, 447 U.S. 625, 633 (1980). See Commonwealth v. Woodward, 427 Mass. 659, 664-665 (1998).

The language of a statute is to be interpreted in accordance with its plain meaning, and if the "language is clear and unambiguous, it is conclusive as to the intent of the Legislature."  Commissioner of Correction v. Superior Court Dep't of the Trial Court, 446 Mass. 123, 124 (2006), citing Commonwealth v. Clerk-Magistrate of the W. Roxbury Div. of the Dist. Court Dep't, 439 Mass. 352, 355-356 (2003).  Further, "[c]riminal statutes are to be construed strictly against the Commonwealth and in favor of the defendant," and we interpret "[c]riminal limitation statutes . . . in favor of repose."  Commonwealth v. McLaughlin, 431 Mass. 241, 250 (2000).  Nothing in the language of either the statute of limitations or the statute governing lesser included offenses indicates that one statute should give way to the other simply because both happen to apply.  In my view, there is no ambiguity in either statute, and both should be applied as written.  Because the defendant has demonstrated that both statutes apply, he is entitled to both the lesser included offense instruction and the statute of limitations defense.[5]

---

[5] This accords with the approach taken by courts in New Jersey, see ante at    , and Wisconsin.  See State v. Short, 131 N.J. 47, 56-58 (1993); State v. Muentner, 138 Wis. 2d 374, 392-393 (1987).

In Short, 131 N.J. at 54-55, the New Jersey Supreme Court reasoned that the statute of limitations created a vested right in the defendant that could not be withdrawn by the courts

3.  The role of the jury.  Given the role that Massachusetts juries play in our criminal justice system, the defendant's assertion of a statute of limitations defense must not be part of the jury's deliberations.  In the Commonwealth, we have separated the duties of the jury from those of the judge.  The jury's role is to find facts and ensure that a defendant is not punished unless the Commonwealth has presented proof of an offense beyond a reasonable doubt.  When jurors are instructed on lesser included offenses, they are asked to consider what the Commonwealth has proved beyond a reasonable doubt, and what it has not.  In reaching a verdict, jurors may not consider the legal consequences of that verdict, including what, if any, punishment a defendant may receive.[6]  See Commonwealth v. Smith, 387 Mass. 900, 911 (1983), quoting Commonwealth v. Burke, 373 Mass. 569, 576 n.3 (1977); E.B.

---

without an express exception in the statute or commentary.  The court also concluded that "the right to have the jury consider lesser included offenses implicates 'the very core of the guarantee of a fair trial'" (citation omitted).  Id. at 53.  As a result, the New Jersey Supreme Court held that the defendant was entitled both to a jury instruction on manslaughter and to raise the statute of limitations following the verdict.  Id. at 60, citing Muentner, supra ("A defendant's right to a fair trial cannot be conditioned on his or her giving up a vested right to a statute of limitations defense, and a defendant's vested right to a statute of limitations cannot be conditioned on his or her giving up the right to a fair trial").

[6] In contrast, in some States, like Florida, by statute, the jury must be instructed on the penalty for the offense for which the accused is being charged.  See Fla. Stat. § 918.10(1).

Cypher, Criminal Practice and Procedure § 36:53 (4th ed. 2014).

Trial judges purposely do not tell jurors what the result of

their work will be, and for good reason:  we ask juries to focus

on the facts specifically to avoid "result-oriented verdicts and

possible deviation from the basic issues of a defendant's guilt

or innocence."[7]  Commonwealth v. A Juvenile, 396 Mass. 108, 112

(1985), citing Commonwealth v. Smallwood, 379 Mass. 878, 882

(1980).  Only after a jury find the facts by way of a verdict

does the judge attach legal significance to those facts with a

judgment or sentence.  Thus, where, as here, the statute of

limitations is not a fact in dispute, it is not a question of

fact to be determined by the jury.  The actual operation of that

statute does not involve the jury's role as fact finder and

should not play any role in the jury's deliberations.

The court expresses concern that giving a defendant the

opportunity to assert a statute of limitations defense in

connection with a lesser included defense, without informing the

jury that the defendant may not be punished due to the fact that

the limitations period has run, tricks the jury and would

thereby undermine their faith in the court system.  Ante at    ,

citing Spaziano, 468 U.S. at 456.  I acknowledge this concern;

_____

[7] See, e.g., Model Jury Instructions on Homicide 11 ("[Y]our
decision should be based solely on the evidence and the law of
this case, without regard to the possible consequences of the
verdicts.  You may not consider sentencing or punishment in
reaching your verdicts").

however, the same could be said any time a judge allows a motion for a required finding of not guilty after the verdict -- in each situation, the jury play their role and the judge, hers.[8] Further, G. L. c. 278, § 12, appears to have foreseen precisely such a result, as it provides that once a defendant is "convicted of the residue" of a charged crime, the court shall "adjudge[]" the defendant "guilty of the crime, if any, which appears to the court to be substantially charged by the residue" (emphasis added). Thus, the Legislature has expressly provided that in some cases, even where the jury have found the defendant guilty, he or she will not be adjudged guilty or punished for a crime. This is at least facially similar to other situations in which jurors may be surprised, and even dismayed, to learn that a defendant faces a longer period of incarceration than they might have expected or, if they could have chosen, than they would have imposed. Moreover, as the court points out, courts keep information from juries all the time due to the operation of our constitutional, statutory, and common law. The situation before us is no different from the examples provided by the court: the goal in each instance is to ensure that the jury

---

[8] It is also worth noting that, if Massachusetts, like Florida, informed the jury of the sentencing consequences of a guilty verdict (see note 6, supra), then dismissed the case due to the statute of limitations, that truly would be tricking the jury.

base their findings solely on lawfully obtained evidence that is relevant to the question of guilt.[9]

Because this situation is not substantially different from others where the jury are "kept in the dark," at bottom, the concern appears to be that, where a defendant is convicted but cannot be punished due to the statute of limitations, the jury will feel that a defendant who committed a crime unfairly goes without punishment.[10]  Given that the purpose of the statute is to bar prosecutions past a certain time period, such an outcome is clearly a possibility contemplated by the Legislature for any criminal act where the statute has run.  Had the Legislature

---

[9] It bears noting that information withheld from the jury or suppressed evidence is often evidence that bears directly on a defendant's guilt or innocence.  Here, information regarding the operation of the statute of limitations has nothing at all to do with the defendant's culpability and would serve no other purpose than to invite the jury to return a "result-oriented" verdict.  For that reason I do not subscribe to the approach, outlined in State v. Delisle, 162 Vt. 293, 304-305 (1994), in which the judge not only instructs the jury on the lesser included offense but also informs them that the statute of limitations will bar any punishment for that offense.

[10] This sentiment is not limited to juries.  Following the verdicts in this case, the judge reduced the degree of guilt with respect to the murder conviction to murder in the second degree.  The judge declined to consider reducing the defendant's degree of guilt to manslaughter, reasoning that even if the weight of the evidence were consistent with that degree of guilt, reduction to manslaughter would not be consonant with justice because the statute of limitations would preclude punishment for the crime.  This view misapprehends the statute of limitations and overlooks its purpose.  If a defendant's acts would constitute manslaughter, but the statute of limitations has run, then the Legislature has expressly prohibited punishment for that crime in those circumstances.

wanted to, it could have specified exceptions in either the limitations statute or the lesser included offense statute to avoid such an outcome.[11]  See McLaughlin, 431 Mass. at 250 ("The appropriate statute of limitations is a matter for the Legislature").

In any case, a juror's potential disappointment with how a case might turn out is hardly a reason to read into our statutes provisions that simply are not there, see Boulter-Hedley v. Boulter, 429 Mass. 808, 811 (1999), or to upend our long tradition of how we treat a jury verdict in a criminal trial. See note 1, supra.

4.  The court's approach.  The court's approach allows the choice of applying either the statute of limitations or the statute governing lesser included offenses when, as outlined above, both should apply.

---

[11] For example, the Legislature could have chosen to take the approach taken by Maine and Utah, where the statute of limitations is not a bar to an instruction (and punishment) for a lesser included offense so long as the statute of limitations has not run on the greater offense with which the defendant was charged.  See Me. Rev. Stat. tit. 17-A, § 8(7) (on condition that "there is evidence which would sustain a conviction for the crime charged"); Utah Code Ann. § 76-1-305.  Alternatively, the Legislature could have removed entirely the statute of limitations for manslaughter.  See, e.g., Short, 131 N.J. at 57 (discussing New Jersey Legislature's decision to remove all time bars for manslaughter by amending N.J. Stat. Ann. § 2C:1-6).

Citing the United States Supreme Court's decision in the Spaziano case,[12] the court here concludes that "[w]here no lesser included offense exists [i.e., because the defendant cannot be punished for the lesser included offense due to the statute of limitations, the] lesser included offense instruction detracts from, rather than enhances, the rationality of the process." Ante at    , quoting Spaziano, 468 U.S. at 455.  I disagree.

In my view, the court relies too heavily on Spaziano, a Florida case involving the death penalty, in determining a defendant's rights in Massachusetts.  The United States Supreme Court's decisions in both the Beck and Spaziano cases could be read to require a lesser included offense instruction only where the defendant faces the death penalty.  See Adlestein, Conflict of the Criminal Statute of Limitations with Lesser Offenses at Trial, 37 Wm. & Mary L. Rev. 199, 229 (1995) ("After Beck,

---

[12] Spaziano, 468 U.S. 447, has been overturned in part by Hurst v. Florida, 136 S. Ct. 616, 623-624 (2016).  In Spaziano, supra at 457-467, the United States Supreme Court concluded that Florida's capital sentencing scheme was constitutional even where some of the aggravating factors resulting in the death penalty were found by a judge rather than a jury.  The Court overruled that part of the decision in Hurst, reasoning that the jury's opinion could not be advisory in a capital trial.  Even though the Court did not overturn the portion of Spaziano concerning lesser included instructions, Hurst represents a shift in perspective regarding the role of the jury.  See Hurst, supra at 624 ("Time and subsequent cases have washed away the logic of Spaziano").

Spaziano, and Schad,[13] the Constitution would thus appear to require a state court to provide a lesser offense option to the charged offense only if the charged offense is punishable by death . . ."). Thus, for States that do not have the death penalty, Spaziano arguably would not require a court to give a lesser included offense instruction at all as a matter of Federal constitutional law. Moreover, the Supreme Court has stated that so long as any lesser included offense instruction with support in the evidence is given, Federal due process is satisfied. See Schad v. Arizona, 501 U.S. 624, 645-648 (1991).[14]

---

[13] In Schad v. Arizona, 501 U.S. 624 (1991), the United States Supreme Court held that due process was satisfied where a jury considering an indictment for capital felony-murder was also instructed on murder in the second degree. Id. at 646-648. The Court reasoned that Beck provided for a lesser included offense only to avoid "an all-or-nothing choice between capital murder and innocence." Id. at 646-647, quoting Spaziano, 468 U.S. at 455. Thus, because the jury were instructed on second-degree murder, the defendant was not constitutionally entitled to an instruction on the lesser included offense of robbery. Id. at 645-648.

[14] In response, the court states that the United States Supreme Court's opinions in Spaziano and Beck only support its position that "due process does not require [a lesser included offense instruction] in non-death-penalty cases" where the statute of limitations has passed. Ante at note 4. See ante at ("We conclude that due process in Massachusetts does not require more than the Federal rule articulated in Spaziano"). This misses the point. The important note here is that Massachusetts already provides a more protective standard than the Federal rule, as we give defendants the right to a lesser included offense instruction even though they do not face the death penalty. Moreover, unlike the Federal rule, Massachusetts generally entitles both the defendant and the Commonwealth to request all of the lesser included offense instructions that

In Massachusetts, however, as discussed previously, a defendant is entitled by statute and common law to have a jury consider lesser included offenses, regardless of whether the offense is time barred.

5.  Conclusion.  The court reasons that requiring the defendant to choose between the statute of limitations defense and having the jury receive a lesser included offense instruction "strikes the best balance between protecting the 'rationality of the process' and a defendant's due process rights."  Ante at    .  I believe, instead, that forcing a defendant to make a choice between the application of one statute or the other, when he or she is entitled to both, undermines, rather than protects, the rationality of the process, and elevates the speculative concerns of a jury over the statutory rights of a defendant.[15]

---

would reasonably be supported by the evidence adduced at trial; otherwise, this case would likely not be before us, as this defendant did receive an instruction on the lesser included offense of murder in the second degree.  See Woodward, 427 Mass. at 662 (where judge instructed jury on murder in first degree and murder in second degree, Commonwealth could also request instruction on involuntary manslaughter).  In concluding that this defendant is not entitled to a more protective rule than that articulated in Spaziano, the court fails to acknowledge the existing differences between the Federal rule and ours, and why Massachusetts provides a more protective standard.

[15] Although I disagree with the court's prioritization of the jury's speculative concerns, an alternative approach is available to avoid diminishing the defendant's rights.  In cases where an essential element of the charged crime is in dispute

The approach of the court has the effect of forcing the defendant to choose between an all-or-nothing defense (depriving him of the right to be found guilty of no more than what the Commonwealth has proved beyond a reasonable doubt) and waiving the statute of limitations on the lesser included offense (a viable affirmative defense). Given our statutory law, this Hobson's choice is untenable. For these reasons, I respectfully dissent.

---

but a lesser included offense is theoretically barred by the statute of limitations, a trial judge could instruct the jury to return a general verdict with a special question as to the essential element in dispute (in this case, malice). Where the jury's answer to the special question reveals that the disputed element is not present, and the appropriate verdict would be a time-barred offense, the judge would enter a judgment of "not guilty" because of the statute of limitations.